UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLA SHANGLE,

    Plaintiff,

v.                                                               Case No. 1:16-CV-846

COMMISSIONER OF SOCIAL                  HON. GORDON J. QUIST
SECURITY,

    Defendant.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff Darla Shangle's claim for Disability Insurance Benefits. Section 405(g) limits the Court's review to the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R, recommending that the Court affirm the Commissioner's decision. (ECF No. 22.) Shangle objected. (ECF No. 23.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The Court may not conduct a de novo review of the administrative case, resolve evidentiary conflicts, or

decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). After conducting a de novo review of the R & R, Shangle's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Shangle first objects that the R & R erred in concluding that the ALJ properly assessed the medical opinion evidence. Shangle argues that the ALJ should have given Dr. Reyelts' opinions and the relevant record more weight. She particularly takes issue with the R & R's statement that some of Reyelts' conclusions are "automatically due no weight." However, the ALJ himself assigned "partial, but reduced weight" to Reyelts' opinion. (ECF No. 14-10 at PageID.826.) Shangle argues that the R & R was "far from clear how the ALJ allegedly assessed Dr. Reyelts's opinions properly and determined they were unsupported by the medical evidence." (ECF No. 23 at PageID.1736.) The ALJ walked through the reasons he discounted Dr. Reyelts' opinions (s*ee, e.g.*, ECF No. 14-10 at PageID.825–28), and the R & R provided a concise summary of the ALJ's findings. The Court should not re-weigh evidence, make credibility findings, or substitute its own judgment for the ALJ's—even if there is substantial evidence supporting the opposite conclusion. *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). The ALJ's rationale was supported by substantial evidence of record.

Shangle objects that the R & R erred in concluding that the ALJ properly evaluated her fibromyalgia and irritable bowel syndrome. Shangle argues that the ALJ "took pains to avoid recognizing these impairments." (ECF No. 23 at PageID.1737.) The administrative record shows otherwise. (See, *e.g.*, ECF No. 14-10 at PageID.815, 821–22, 824.) "[S]o long as the ALJ considers all of the individual's impairments, the failure to find additional severe impairments . . . does not constitute reversible error." *Kirkland v. Comm'r of Soc. Sec.*, 528 F. Appx 425, 427 (6th Cir., May 22, 2013) (quotation marks and citation omitted); *see also Pompa v. Comm'r of Soc.*

*Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003).  The ALJ properly considered the entire medical record in rendering his decision, and Shangle did not show otherwise.

Shangle objects that the R & R erred in finding that the ALJ properly relied upon the vocational expert's testimony.  This objection is based on the arguments in Shangle's other objections.  Because these objections will be overruled, this objection will be as well.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 22) is **APPROVED AND ADOPTED** as the Opinion of this Court, and the Commissioner's decision is **AFFIRMED**.  Plaintiff's Objections (ECF No. 23) are **OVERRULED**.

A separate judgment will issue.

This case is **concluded**.


Dated: April 2, 2018         /s/ Gordon J. Quist
                             GORDON J. QUIST
                             UNITED STATES DISTRICT JUDGE